IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FOREST GUARDIANS,**
**a non-profit, New Mexico corporation,**

      **Plaintiff,**

vs.   No. CIV 99-0329 LCS

**ANIMAL AND PLANT HEALTH**
**INSPECTION SERVICE, an agency**
**of the United States Department of**
**Agriculture,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion for Attorney's Fees (Doc.32), filed November 30, 2000. Defendant filed a response on January 8, 2001, and Plaintiff filed a Reply on January 29, 2001. The Court, acting upon consent and designation pursuant 28 U.S.C. § 636, and having considered the submissions of counsel, record, applicable law, and being otherwise fully informed, finds that this Motion is well-taken and should be **GRANTED**.

**I. Background**

On January 7, 1999, Plaintiff submitted a request for information to Defendant under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), requesting "management information system database used as the basis for all Wildlife Services annual reports for the states of Arizona, California, Colorado, Idaho, Kansas, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oregon, South Dakota, Texas, Utah, Washington, and Wyoming. (Pl. Ex. A.). On March 23, 1999, after Defendant

failed to respond to the request, Plaintiff contacted Defendant's FOIA officer and left a telephone message inquiring as to when a determination would be made on the FOIA request. Defendant failed to respond to the inquiry. Subsequently, on March 25, 1999, Plaintiff filed this action under FOIA, seeking release of the information.

On the same day, Defendant faxed a letter to Plaintiff raising several concerns regarding the scope of the FOIA request and payment of fees. (Pl. Ex. B.) Plaintiff retained a computer consultant to assist in evaluating Defendant's capabilities to produce the information in an electronic format (Aff. of Paul Leonis at ¶¶ 2-6.), and the parties entered into negotiations regarding the production of the information. (Aff. of John Horning at ¶¶ 5-7.) Subsequent to reviewing memoranda prepared by Plaintiff's computer consultant, Defendant agreed that it was able to produce the information in an electronic format as requested. (*Id.* at ¶ 5.) After January 2000, Defendant was required to redact certain information in order to comply with an injunction issued in a separate proceeding pending in the United States District Court for the Western District of Texas. (Pl. Ex. E.) On May 12, 2000, Defendant produced the first computer disk responsive to the January 7, 1999 FOIA request. (*Id.*) After Defendant agreed to provide additional computer disks containing the annual reports, Plaintiff and Defendant entered into a settlement agreement, which was approved by the Court on August 29, 2000. (Doc. 30.) The Settlement Agreement expressly reserved the issues of attorney's fees and costs. (*Id.*)

**II. Analysis**

Assessment of attorney's fees under FOIA is discretionary with the district court. *Aviation Data Serv. v. FAA*, 687 F.2d 1319, 1321 (10th Cir.1982). In applying for FOIA attorney's fees, a plaintiff must first establish that it is eligible for an award by showing that it "substantially prevailed"

on its claim. 5 U.S.C. § 552(a)(4)(E). If the plaintiff has substantially prevailed, the Court must next determine whether a fee award is otherwise justified, using as a guide the following four factors: "(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in the law." *Anderson v. Sec. of Health & Human Servs.*, 80 F.3d 1500, 1504 (10th Cir. 1996) (*citing Aviation Data Serv.*, 687 F.2d at 1321). By agreement of the parties, the only issue presented herein is whether Plaintiff has "substantially prevailed" within the meaning of 5 U.S.C. § 552(a)(4)(E). (*See* Stipulated Order of 10-30-00.) Any remaining dispute concerning the amount of any fee award is reserved for subsequent resolution. Thus, the only issue currently before the Court is whether Plaintiff has "substantially prevailed."

A plaintiff has "substantially prevailed" in a FOIA case if the lawsuit was reasonably necessary and substantially caused the requested records to be released. *Gowan v. U.S. Dept. of Air Force*, 148 F.3d 1182, 1195 (10th Cir. 1998) (*citing Chesapeake Bay Found., Inc. v. U.S. Dept. of Agriculture*, 11 F.3d 211, 216 (D.C. Cir.1993)). Plaintiff's filing of this lawsuit was reasonably necessary due to Defendant's unreasonable delay in complying with its duties under FOIA. Moreover, the record demonstrates that this lawsuit substantially caused Defendant to release the annual reports in electronic format from the database as requested by Plaintiff. It was only the urging of Plaintiff that led Defendant to expedite its processing of the material. Under these circumstances, Plaintiff is a "prevailing party" within the meaning of 5 U.S.C. § 552(a) and is eligible for an award of attorney fees and costs. Accordingly, Plaintiff's Motion for Award of Attorney Fees should be **GRANTED**.

**WHEREFORE**,

  **IT IS ORDERED** that Plaintiff's Motion for Attorney Fees (Doc.32), filed November 30, 2000, is **GRANTED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**